UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL JAFFE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 24-1320 (UNA) |
| ) | |
| ) | |
| KRIS "DOE," ) | |
| US SUPREME COURT CLERK, ) | |
| ) | |
| Defendant. ) | |

### **MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court will grant the application and dismiss the complaint and this civil action without prejudice.

Plaintiff purports to have "invented Yahoo, Google, Amazon, Salesforce.com, Oracle, Tesla, Alibaba, BJ's Warehouse, Costco, Target and Enterprise Rent-A-Car." Compl. at 4 (page numbers designated by CM/ECF). These inventions generate billions of dollars, *see id*. at 4, 6, which defendant allegedly collects and maintains in a personal bank account, *see id*. at 6. Defendant allegedly is "acting personally as the US Supreme Court," *id*., collects funds on plaintiff's behalf, *id*., and "distributes money to everyone . . . but [plaintiff]," *id*. at 4. Plaintiff demands "$740 billion dollars that Kris has misappropriated, claiming to be the US Supreme Court but kept for her personal gain." *Id*.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis

1

either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Consequently, the Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). The instant complaint satisfies this standard and, therefore, it will be dismissed.

    A separate order will issue.

                                                         TIMOTHY J. KELLY  
                                                         United States District Judge

DATE: June 20, 2024